**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CR-21 (WLS-ALS-3) |
| | : | |
| FREDERICK PERNELL GREEN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Frederick Pernell Green's ("Defendant") Motion to Dismiss Counts One and Forfeiture Notice (Doc. 165) ("Motion to Dismiss"), filed on February 28, 2025. Therein, Defendant moves to dismiss Count One of the Indictment (Doc. 1) as well as the forfeiture notice included in the Indictment. For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

### I.  PROCEDURAL HISTORY

On June 11, 2024, the Government filed a one-count Indictment (Doc. 1) charging Defendant and several others with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1344(2). The Indictment also contains a forfeiture notice, pursuant to 18 U.S.C. § 982. (Doc. 1 at 4). On July 16, 2024, the Court granted the Government's motion to declare this case complex. (Doc. 121). Defendant had his initial appearance and arraignment on November 5, 2024. Defendant filed the instant Motion to Dismiss on February 28, 2025. The Government filed a Response (Doc. 168) on March 6, 2025, and Defendant filed his Reply (Doc. 169) on March 13, 2025. As the Parties have each submitted their respective briefs, the Motion is thus ripe for decision.

### II.  LAW AND ANALYSIS

#### A. Standard of Review

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" "An indictment is considered legally sufficient if it: '(1) presents the essential

elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)); *see United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th Cir. 2006) (holding that "an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime," is sufficient) and *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) ("For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet."). "The sufficiency of a criminal indictment is determined from its face[,]" *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004), and the Court "may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citation omitted).

## B. Sufficiency of the Allegations

Defendant argues that Count One of the indictment, Conspiracy to Commit Bank Fraud, fails to state an offense because it does not allege sufficient facts to establish the essential elements of a fraud conspiracy. (Doc. 165 at 2). To sufficiently allege conspiracy to commit bank fraud, the indictment must allege that (1) two or more persons agreed to a common and unlawful plan to commit bank fraud as alleged in the indictment; (2) Defendant Green knew of the unlawful plan; and (3) he knowingly and voluntarily joined the plan. *United States v. Martin*, 803 F.3d 581, 588 (11th Cir. 2015). "Because conspiracies are secretive by nature, the jury must often rely on 'inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.'" *Id.* (quoting *United States v. Vernon*, 723 F.3d 1234, 1273 (11th Cir. 2013)). Additionally, the Government must prove that Green had knowledge of the scheme, but it is not required to prove that Green had "all of the details" of the conspiracy as long as the Government can show that he knew of "the essential nature of the conspiracy." *Id.* (internal citation omitted).

Further, to sufficiently allege bank fraud in violation of 18 U.S.C. § 1344(2), the indictment must allege that (1) a scheme existed to obtain money or property in the custody of a federally insured financial institution by fraud; (2) Green participated in the scheme by

means of material false pretenses, representations, or promises; and (3) he acted knowingly. *Id.* (citing *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002)). "As with other fraud crimes, 'circumstantial evidence may prove [a defendant's] knowledge.'" *Id.* (quoting *United States v. Williams*, 390 F.3d 1319, 1325 (11th Cir. 2004)).

Here, the Court finds that the Indictment is legally sufficient and, at the same time, gave Defendant Green adequate notice of the charge against him. First, the Indictment alleges that Defendant "compile[d] debit cards and account information from [bank] customers" and provided that information to codefendant William Allen Roberts ("Roberts") "for the purpose of depositing [] fraudulent checks into the customers' accounts." (Doc. 1 ¶ 8). Contrary to Green's assertions, this allegation is sufficient to allege that Defendant and Roberts (1) agreed to a common and unlawful plan to commit bank fraud, (2) Defendant knew of the unlawful plan, and (3) Defendant knowingly and voluntarily joined said plan. *See Martin*, 803 F.3d at 588. Thus, the elements of conspiracy are sufficiently alleged in the Indictment.

Second, the Indictment alleges that (1) Defendant and his codefendants' scheme was to obtain funds in the custody of Truist Bank, a federally insured financial institution, (2) Defendant and the others enlisted Truist customers to provide them with their account information so that Roberts could deposit fraudulent checks into those accounts after which Defendant and other codefendants withdrew cash from those accounts, and (3) Defendant's deliberate actions, as alleged, show that he acted knowingly. *See Martin*, 803 F.3d at 588. Thus, the Indictment sufficiently alleges the elements of bank fraud.

The Indictment not only tracks the statutory language of §§ 1344 and 1349, it also plainly alleges each of the statutory elements and provides additional information regarding the conspiracy and Defendant's alleged role within it. As such, the Indictment's allegations are sufficient, and Defendant's Motion to Dismiss Count One (Doc. 165) is **DENIED**.

### C. Sufficiency of the Forfeiture Notice

"Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." *Honeycutt v. United States*, 581 U.S. 443, 447 (2017). The statute at issue here, 18 U.S.C. § 982(a)(2), permits the forfeiture of "any property constituting, or derived from, proceeds the person obtained directly or indirectly," as a result of a violation of § 1344. Defendant challenges the forfeiture notice contained in the Indictment

on two grounds.[1] First, he contends that the notice fails to "provide sufficient information to inform the defendant of the government's intent to seek forfeiture[.]" (Doc. 165 at 5). And second, Green argues that the indictment does not establish a direct nexus between "the alleged fraud and the assets sought for forfeiture[,]" and thus violates due process. (*Id.*) For the reasons discussed below, neither argument is persuasive.

The Federal Rules of Criminal Procedure require the Government to provide notice to a defendant, in the indictment or information, when it seeks forfeiture in criminal proceedings. Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."). Here, the Indictment does just that. Specifically, the Indictment states:

> Upon conviction of the offense in violation of [18 U.S.C. § 1349], in connection with [18 U.S.C. § 1344(2)], set forth in Count One of this Indictment, [Defendant Frederick Pernell Green] shall forfeit to the United States . . . any property constituting, derived from, proceeds obtained directly or indirectly, as a result of such violation(s), including, but not limited to a money judgment in an amount to be determined.

(Doc. 1 at 4). Thus, the Indictment sufficiently informs Green of the Government's intent to seek forfeiture.

Contrary to Green's repeated assertion, there is no requirement that an indictment establish a direct nexus between the violation and property to be forfeited. (*See* Docs. 165 & 169). And Green's reliance on *Honeycutt* for this proposition is clearly misplaced. *See Honeycutt*, 581 U.S. at 454 (holding that the property subject to forfeiture is "limited to property the defendant himself acquired as the result of the crime."). The forfeiture notice here lists the names of all codefendants and states unequivocally that each, including Green, "shall forfeit . . . any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation(s)[.]" (Doc. 1 at 4). Thus, the forfeiture notice in the Indictment

---

[1] Defendant also generally argues that the Indictment "fails to specify any particular property subject to forfeiture." (Doc. 165 at 5). The Federal Rules, however, explicitly state that an indictment or information "need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." Fed. R. Crim. P. 32.2(a). Thus, this contention is without merit.

is legally sufficient, and Defendant's Motion to Dismiss the Forfeiture Notice (Doc. 165) is **DENIED**.

<h3 align="center"><u>CONCLUSION</u></h3>

In sum, the allegations set forth in the Indictment, including the forfeiture notice, are legally sufficient. Accordingly, Defendant's Motion to Dismiss Counts One and Forfeiture Notice (Doc. 165) is **DENIED**. Further, as set forth in the Court's previous Order (Doc. 127), the trial in this case is set to commence at a specially set trial date during the Court's Valdosta Division August 2025 trial term, and its conclusion, or as otherwise ordered by the Court. The Court will notice a pretrial conference date in a separate order or notice.

**SO ORDERED**, this 12th day of June 2025.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**